IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HICKOK INCORPORATED<br>10514 Dupont Avenue<br>Cleveland, Ohio 44108<br><br>        Plaintiff,<br><br>vs<br><br>SYSTECH INTERNATIONAL, LLC<br>4390 Concourse Dr.<br>Suite B<br>Ann Arbor, MI 48108<br><br>*also serve*<br><br>SYSTECH INTERNATIONAL, LLC<br>6681 Cottonwood Street<br>Salt Lake City, Utah 84107<br><br>        Defendant | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff, Hickok Incorporated, by and through counsel, and for its Complaint states as follows:

**PARTIES**

1    Hickok Incorporated (hereafter "Hickok") is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 10514 Dupont Avenue, Cleveland, Ohio 44108.

2    Upon information and belief, Systech International, LLC, (hereafter "Systech") is a limited liability company organized under the laws of the State of Michigan, located at 4390 Concourse Drive, Suite B, Ann Arbor, Michigan 48108.

3. Upon information and belief, Systech International, LLC, is also registered as a foreign corporation under the laws of the State of Utah and conducts business at 6681 Cottonwood Street, Salt Lake City, Utah 84107

## JURISDICTION AND VENUE

4. This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §1 *et seq*

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a), which provide the Court with original jurisdiction.

6. This Court has personal jurisdiction over Systech as Systech has transacted business and committed acts of infringement in the forum state.

7. Venue is proper under 28 U.S.C. §§1391 and 1400 as the infringement occurred within the judicial district where Systech is also subject to personal jurisdiction

## BACKGROUND

8. Plaintiff is the owner by assignment of United States Patent number 6,298,712 (hereafter "the '712 patent") issued October 9, 2001, to inventors Michael J. Docy, George R. Hart, and Robert L. Bauman. The patent, entitled "Fuel Cap Tester," claims a method for testing fuel caps. A true and accurate copy of the '712 patent is attached as Exhibit 1

9. Upon information and belief, subsequent to the issuance of the patent, Plaintiff learned that Defendant was making, using, selling and/or offering to sell computerized systems that incorporate a fuel cap tester, which embodies the method patented in claim 1 of the '712 patent.

10. Upon discovering the system, Plaintiff notified Defendant of a possible infringement and Plaintiff's respective patent on three separate occasions by letters sent via

regular U.S. mail on November 13, 2003, August 4, 2004 and March 30, 2007, respectively. See Exhibits 2, 3, and 4 (attached).

## COUNT I: PATENT INFRINGEMENT

11. Plaintiff incorporates by reference the allegations and averments set forth in numbered paragraphs 1 – 10, inclusive.

12. Upon information and belief, Defendant has and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by making, using, selling and/or offering to sell its computerized systems, among other products, thereby infringing the '712 patent.

13. Defendant has and continues to make, use, sell and/or offer to sell the fuel cap tester to several distributors including but not limited to CarQuest Auto Parts, Inc. in North Royalton, Ohio.

14. Upon information and belief, Defendant's acts of infringement have and continue to be willful and deliberate.

15. As a direct and proximate result of Defendant making, using, selling and/or offering to sell its computerized systems in violation of 35 U.S.C. §271, Plaintiff has suffered and continues to suffer damages.

16. Unless enjoined by this Court, Defendant will continue to make, use, sell and/or offer to sell its infringing products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1) A preliminary and permanent injunction enjoining Defendant from making, using, marketing, offering to sell, or selling any products and/or processes that would constitute an infringement of the '712 patent;

2) A declaration that Defendant infringed the '712 patent in violation of 35 U.S.C. §271;

3) An accounting and award of damages to be assessed against Defendant for infringement of the '712 patent pursuant to 35 U.S.C. §284 including treble damages for willful and deliberate infringement;

4) An award of attorneys' fees pursuant to 35 U.S.C. §285;

5) Court costs;

6) Such other relief as this Court deems appropriate.

Respectfully submitted,

/s/ Robert D. Kehoe
Robert D Kehoe (#0017466)
rdkehoe@kehoelaw.net
J. Brian Kenney (#0073994)
jbkenney@kehoelaw.net
Kehoe & Associates, LLC
900 Baker Building
1940 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 621-1500
Facsimile: (216) 621-1551

*Attorneys for Plaintiff Hickok Incorporated*

## JURY DEMAND

Plaintiff hereby demands a trial by jury all issues triable in this case, said jury to be composed of the maximum number of jurors allowable by law

/s/ Robert D. Kehoe
Attorney for Plaintiff